Xia LIN, Petitioner,

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
Respondent.

No. 04–2917–AG.

United States Court of Appeals,
Second Circuit.

Jan. 30, 2006.

---

1. The correct date of filing is May 22, 2003.

Jan Potemkin, New York, New York, for Petitioner.

H.S. Garcia, United States Attorney for the District of Puerto Rico (Miguel A. Fernandez, Isabel Muñoz–Acosta, Assistant United States Attorneys), San Juan, Puerto Rico, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xia Lin, through counsel, petitions for review of the BIA's decision affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where the BIA "adopts the decision of the IJ and merely supplements the IJ's decision,", this Court reviews the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 270 (2d Cir.2005). In this case, the BIA explicitly affirmed the IJ's decision and rejected Lin's argument that the translation at her hearing was incorrect and prejudiced her case. Accordingly, we review the IJ's decision as supplemented by the BIA.

This Court reviews the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003).

Apart from the IJ's adverse credibility determination, the IJ also denied Lin's asylum claim because she failed to provide sufficient documentation of her claims. An applicant can be faulted for failing to supply corroborating documents if the documents were reasonably available. *Jin Shui Qiu v. Aschroft,* 329 F.3d 140, 153 (2d Cir.2003) (citing *Diallo v. INS,* 232 F.3d 279, 290).

The IJ determined that affidavits from Lin's husband and sister were both reasonably available because they were both living in New York. Lin did not explain why her husband did not submit an affidavit but stated that he was not able to testify because he was at work and had a cough. Lin did not provide an explanation for why she did not have an affidavit from her sister. Lin also claimed to have given two other documents, her first son's birth certificate and the abortion notice, to her attorney, but the attorney was unable to explain why they were not submitted into evidence. The IJ addressed the requirements set forth in *Jin Shui Qiu* and reasonably determined that the absence of these documents was detrimental to Lin's claim.

Lin argues that her due process rights were violated because parts of her testimony were not translated correctly, specifically noting a miscommunication regarding the year the abortion notice was issued. The BIA rejected this argument because the IJ did not rely on a possible inconsis-

tency regarding the date of the abortion notice. Even if there were other incidents of incorrectly translated testimony during the hearing, those problems would not affect Lin's ability to submit corroborating documents. Since the lack of corroboration is sufficient on its own to support the decisions below, Lin's arguments regarding the translation during her hearing are not relevant to our decision in this case.

Under 8 U.S.C. § 1252(d)(1), a court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien." Although Lin challenges the denial of her CAT claim in her brief, this Court does not have jurisdiction over this claim because it was not exhausted before the BIA. In *Gill v. INS*, 420 F.3d 82 (2d Cir.2005), this Court held that the statutory exhaustion doctrine does not bar consideration of "specific, subsidiary legal arguments" as opposed to a "whole new category of relief." *Gill*, 420 F.3d at 86. Because Lin's CAT claim is an entire category of relief, and not a specific, subsidiary legal argument, it is not exhausted.

Lastly, Lin argues in her brief to this Court that the BIA denied her due process rights in affirming the decision of the IJ without opinion. However, the BIA did not decide this case without opinion. The BIA expressly adopted the decision of the IJ, which is proper under *Matter of Burbano*, 20 I & N Dec. 872, 874, 1994 WL 520994 (BIA 1994) and *Arango–Aradondo v. INS*, 13 F.3d 610, 613 (2d Cir.1994). The BIA also considered Lin's arguments regarding the potential translation problems. Therefore, the BIA did not violate Lin's right to due process.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).